This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Case 3:22-cv-01339-SPM Document 1-2 Filed 06/24/22 Page 1 of 4 Page ID #9

| STATE OF ILLINOIS, CIRCUIT COURT Madison ☑ COUNTY | ALIAS SUMMONS | For Court Use Only |
|---|---|---|

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | Donald W. Crangle, Sr.<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | Terry A. Meyer, individually and d/b/a Ride Organic MX<br>**Defendant / Respondent** *(First, middle, last name)* | 2022LA000468<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | 1. **Defendant/Respondent's address and service information:**<br>  a. Defendant/Respondent's primary address/information for service:<br>     Name *(First, Middle, Last)*: Terry A. Meyer, individually and d/b/a Ride Organiz MX<br>     Registered Agent's name, if any: _____<br>     Street Address, Unit #: 3098 Harris Ln.<br>     City, State, ZIP: Alton, IL 62002<br>     Telephone: _____ Email: _____ |
|---|---|
| In 1b, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>     Name *(First, Middle, Last)*: _____<br>     Street Address, Unit #: _____<br>     City, State, ZIP: _____<br>     Telephone: _____ Email: _____ |
| In 1c, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent:<br>     ☑ Sheriff  ☐ Sheriff outside Illinois: _____<br>                                                  *County & State*<br>     ☐ Special process server  ☐ Licensed private detective<br>     *Served 5/26/22 @ 9:51A*<br>     *Lt. T[illegible] L-315* |

SU-S 1503.2                          Page 1 of 4                          (06/21)

| | |
|---|---|
| In 2, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: $50,000.00 |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Donald W. Crangle, Sr.<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____   Email: _____ |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4. Instructions for person receiving this *Summons* (Defendant):**<br>☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: 155 N MAIN STREET, EDWARDSVILLE, IL 62025<br>City, State, ZIP: _____ |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response*. | ☐ b. Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>  Date    Time       Courtroom<br>**In-person at:**<br>_____<br>*Courthouse Address City State ZIP*<br>OR |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>*Call-in number for telephone remote appearance*<br>By video conference: _____<br>*Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>*Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>*Website* |
| **STOP!** The Circuit Clerk will fill in this section. | 5/19/2022<br>**Witness this Date:** /s/ Thomas McRae /s/ Susan Stout<br>**Clerk of the Court:** _____ |
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

***EFILED***
Case Number 2022LA000468
Date: 4/8/2022 3:42 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

STATE OF ILLINOIS
CIRCUIT COURT OF MADISON COUNTY

| | |
|---|---|
| DONALD W. CRANGLE, SR., as Personal Representative of the Estate of Donald W. Crangle, Jr., deceased,<br><br>Plaintiff,<br><br>v.<br><br>TERRY A. MEYER, individually and d/b/a RIDE ORGANIC MX<br>3098 Harris Ln.<br>Alton, IL 62002<br><br>Defendant. | Cause No.: **2022LA000468**<br><br>Division: |

## PETITION

COMES NOW Plaintiff, DONALD W. CRANGLE, SR., as Personal Representative of the Estate of Donald W. Crangle, Jr., deceased, by and through undersigned counsel, Ryan Campbell of Morgan & Morgan, P. A., and for his causes of action against Defendant Terry A. Meyer, individually, and doing business as "Ride Organic MX", states to the Court as follows:

### FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

1. Plaintiff, Donald W. Crangle, Sr., was duly appointed by order of the Circuit Court of St. Louis County, State of Missouri, as the Personal Representative of the Estate of Donald W. Crangle, Jr., deceased, for the purposes of administering decedent's estate and prosecuting this lawsuit. A copy of said Order of the Court is attached hereto and incorporated herein as **Exhibit 1**.

2. At the time of his death, Donald W. Crangle, Jr. ("Decedent') was a resident of St. Louis County, State of Missouri.

1

3. Upon information and belief, Defendant TERRY A. MEYER was a resident of Madison County, State of Illinois and transacts business at 3098 Harris Ln., Alton, Madison County, State of Illinois.

4. At all times herein relevant, MEYER owned, operated, managed, maintained, and controlled a motocross dirt track and riding/training facility located at 3098 Harris Ln., Alton, Madison County, State of Illinois, commonly known and advertised to the public as RIDE ORGANIC MX.

5. On June 21, 2020, Defendant Terry Meyer ("MEYER"), owned the land whereupon RIDE ORGANIC MX was situated, specifically at Madison County, Illinois locator numbers 19-1-08-05-00-000-018.001 and 20-1-02-32-00-000-016.001 ("Premises").

6. MEYER operated RIDE ORGANIC MX at said Premises as a motocross track and facility, open to the public for consideration of an annual membership or daily use fee.

7. Upon payment of such fee, invitees were then allowed to use the motocross tracks and facilities located on the Premises.

8. MEYER doing business as RIDE ORGANIC MX holds himself out to the public as a premier motocross facility, which provides riding tracks, technique training, nutrition information, and covers "every need" of a rider.[1]

9. RIDE ORGANIC MX has multiple tracks, including a dirt "Pro Track", which incorporates elements such as jumps, rollers, ramps, and turns.

10. Despite its name, the "Pro Track" is open for use by professional and non-professional riders alike.

11. In the southwest corner of the "Pro Track" there existed, on June 21, 2020, a series

---

[1] https://www.facebook.com/rideorganic/. About section. Last visited March 29, 2022.

2

of jumps that lead to a straight section down toward a creek bed, ultimately resulting in a sharp left-hand Hairpin style turn.

12. Prior to and on June 21, 2020, riders were required to ride past a single tree ("The Tree") situated in-between the entrance and exit of the Hairpin turn, within the "Pro-Track".

13. When designing and/or building the track, MEYER chose to leave The Tree within the "Pro-Track" near the Hairpin turn.

14. At all times herein relevant, and upon information and belief, although there were trees along the edges of the track, there were no other trees located anywhere within the "Pro-Track" near ramps, jumps, or rollers.

15. On June 21, 2020, as riders exited a jump into the entrance of the Hairpin turn, there existed an additional ramp element (the "Ramp") wherein riders were launched down the entrance of the Hairpin turn, landing near The Tree.

16. At all times here relevant, The Tree presented a known danger and a defective condition on the Premises; but despite this, MEYER placed no signage or warning of the dangerous and hazardous condition caused by The Tree.

17. At or around 11:00 a.m. on June 21, 2020, Decedent was riding his 2019 Yamaha dirt bike on the "Pro-Track" situated on the Premises and was making his way toward the Hairpin turn. Decedent hit the Ramp entering the Hairpin turn, and collided with The Tree upon landing. As a result of his collision with The Tree, Decedent suffered serious head injuries requiring emergency air evacuation.

18. Decedent was airlifted to Barnes Jewish Hospital in the City of St. Louis, Missouri, where he ultimately succumbed to his injuries and perished at the age of twenty-seven (27) years.

## COUNT I
## (NEGLIGENCE – WRONGFUL DEATH ACT)

19. Plaintiff restates and incorporates the allegations in paragraphs 1 through 18 above as if fully set forth herein.

20. As the owner of the Premises, MEYER owed a duty to Plaintiff, and all invitees, to exercise a reasonable duty of care in keeping the Premises free of dangerous, hazardous, and/or defective conditions.

21. MEYER knew, or through the exercise of reasonable care, should have known, that The Tree constituted a dangerous, hazardous, and/or defective condition on the Premises.

22. MEYER designed and/or built the "Pro-Track" around The Tree, thereby appreciating and understanding that it created a dangerous, hazardous, and/or defective condition about the Premises.

23. MEYER breached his reasonable duty of care owed to Plaintiff, and others, in at lest the following respects, to wit:

    a. MEYER allowed a dangerous, hazardous condition—The Tree—to exist on the Premises, which was an unreasonable risk of harm to his invitees, including Plaintiff;

    b. MEYER knew, or by the exercise of reasonable care, should have known of the dangerous, hazardous condition—The Tree—that then existed on the Premises at the time of Decedent's crash;

    c. MEYER failed to use ordinary care required to remove dangerous, hazardous condition—The Tree—that then existed on the Premises at the time of Decedent's crash;

    d. Otherwise improperly operated, managed, maintained, and controlled the aforesaid Premises so as to allow a dangerous, hazardous condition—The

Tree—to remain a hazard to his invitees, including Plaintiff.

24. Each of the aforesaid acts and omissions of MEYER was negligent and constituted negligence.

25. As a direct and proximate result of the aforesaid negligent acts and omissions of MEYER, Plaintiff's Decedent was injured and died on June 21, 2020 as a result of said injuries.

26. Decedent is survived by his father, Donald W. Crangle, Sr., his mother, Mary Crangle, his sister Melissa Crangle, and his minor sons, Owen Crangle and Elliot Crangle, each of whom have and will suffer the loss of Decedent's society, love, support, affection, and guidance, as well as substantial grief from his death.

27. This Count is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq*.

WHEREFORE, Plaintiff, Donald W. Crangle, Sr., as Personal Representative of the Estate of Donald W. Crangle, Jr., Deceased, prays this Court for judgment in favor of Plaintiff and against Defendant TERRY MEYER d/b/a RIDE ORGANIC MX on Count I of Plaintiff's Complaint, for damages in excess of Fifty-Thousand Dollars ($50,000.00), plus Plaintiff's costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
### (NEGLIGENCE – SURVIVAL ACT)

28. Plaintiff restates and incorporates the allegations in paragraphs 1 through 27 above, as if fully set forth herein.

29. As a direct and proximate result of the negligent acts and omissions of MEYER, Plaintiff's Decedent suffered damages of a personal and pecuniary nature, including conscious pain and suffering, emotional distress, disability, funeral expenses, loss of future income, and significant medical expenses, and had he lived he would have been entitled to bring this action.

30. This action survives his death.

31. This Count is brought pursuant to the Illinois Survival Act, 734 ILCS 5/13-209 and 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, Donald W. Crangle, Sr., as Personal Representative of the Estate of Donald W. Crangle, Jr., Deceased, prays this Court for judgment in favor of Plaintiff and against Defendant TERRY MEYER d/b/a RIDE ORGANIC MX on Count II of Plaintiff's Complaint, for damages in excess of Fifty-Thousand Dollars ($50,000.00), plus Plaintiff's costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III
### (VIOLATIONS OF ILLINOIS PREMISES LIABILTY ACT, 740 ILCS 130/1 *et seq.* – WRONGFUL DEATH ACT)

32. Plaintiff restates and incorporates the allegations in paragraphs 1 through 31 above as if fully set forth herein.

33. On June 21, 2020, MEYER was doing business as RIDE ORGANIC MX and was operating at the Premises as a business for profit.

34. At said time, Decedent was a business invitee at the Premises.

35. At said time, The Tree was located about the Premises at or near the Southwest corner of the "Pro-Track".

36. The Tree was a dangerous, hazardous condition that then existed on the Premises, which presented an unreasonable risk of harm to MEYER's invitees, including Plaintiff.

37. MEYER did not warn or alert riders, such as Plaintiff, of The Tree or of the dangers associated with the Ramp into the Hairpin turn.

38. Upon information and belief, The Tree remained on the "Pro-Track" for at least one year prior to the time of Decedent's crash, so as to alert MEYER that it presented a dangerous,

hazardous condition for all invitees/riders on the Premises, including Plaintiff.

39. MEYER knew, or by the exercise of reasonable care, should have known, that The Tree was a dangerous, hazardous condition, which presented an unreasonable risk of harm to those on the Premises, including Plaintiff.

40. As the owner and operator of the Premises, MEYER owed Plaintiff, and all invitees, a duty to use reasonable care to detect, repair, or remove dangerous, hazardous conditions, which exited on the Premises, or in the alternative, to provide his invitees, including Plaintiff, adequate warning or alert of known dangers.

41. MEYER breached his reasonable duty of care to Plaintiff, and others, in at least the following respects, to wit:

   a. Allowed The Tree to remain on the Premises;

   b. Failed to promptly remove The Tree from the Premises;

   c. Failed to make reasonable inspection of the Premises when he knew, or through the exercise of reasonable care, should have known, that inspection was necessary to prevent injuries to his invitees, including Plaintiff;

   d. Failed to adequately warn or alert his invitees, including Plaintiff, of the dangerous, hazardous condition—The Tree—that then exited on the Premises, when he knew, or through the exercise of reasonable care, should have known, that warning or alerting was necessary to prevent injury to his invitees, including Plaintiff;

   e. Otherwise improperly operated, managed, maintained, and controlled RIDE ORGANIC MX and the aforesaid Presmises so as to allow a dangerous, hazardous condition—The Tree—to remain a hazard to his invitees, including

Plaintiff.

42. Each of the aforesaid acts and omissions of MEYER was negligent and constituted negligence.

43. As a direct and proximate result of the aforesaid negligent acts and omissions of MEYER, Plaintiff's Decedent was injured and died on June 21, 2020 as a result of said injuries.

44. Decedent is survived by his father, Donald W. Crangle, Sr., his mother, Mary Crangle, his sister Melissa Crangle, and his minor sons, Owen Crangle and Elliot Crangle, each of whom have and will suffer the loss of Decedent's society, love, support affection, and guidance, as well as substantial grief from his death.

45. This Count is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq*.

WHEREFORE, Plaintiff, Donald W. Crangle, Sr., as Personal Representative of the Estate of Donald W. Crangle, Jr., Deceased, prays this Court for judgment in favor of Plaintiff and against Defendant TERRY MEYER d/b/a RIDE ORGANIC MX on Count III of Plaintiff's Complaint, for damages in excess of Fifty-Thousand Dollars ($50,000.00), plus Plaintiff's costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT IV
### (VIOLATIONS OF ILLINOIS PREMISES LIABILTY ACT, 740 ILCS 130/1 *et seq* – SURVIVAL ACT)

46. Plaintiff restates and incorporates the allegations in paragraphs 32 through 45 above, as if fully set forth herein.

47. As a direct and proximate result of the negligent acts and omissions of MEYER, Plaintiff's Decedent, suffered damages of a personal and pecuniary nature, including conscious